# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

No. 14-271V
Filed: April 18, 2018
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| JOSEPH QUANCE and ANGELA QUANCE, as Parents of E.J.Q., <br><br> Petitioners, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Damages decision based on stipulation; Measles-Mumps-Rubella ("MMR"), Varicella, Pneumococcal conjugate ("PCV 13"), and Hepatitis A vaccines; acute disseminated encephalomyelitis ("ADEM") |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Andrew M. Krueger, Middleton, WI, for petitioners.
Glenn A. MacLeod, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING DAMAGES[1]

On April 18, 2018, the parties filed the attached stipulation in which they agreed to settle this case and described the settlement terms. Petitioners allege that their daughter E.J.Q. suffered from acute disseminated encephalomyelitis ("ADEM") that was caused by her receipt of Measles-Mumps-Rubella ("MMR"), Varicella, Pneumococcal conjugate ("PCV 13"), and Hepatitis A vaccines on or about March 21, 2012. Respondent denies that the MMR, Varicella, PCV 13, and Hepatitis A vaccines caused E.J.Q. to suffer ADEM or any other injury.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

Nonetheless, the parties agreed to resolve this matter informally.

The undersigned finds the terms of the stipulation to be reasonable. The court hereby adopts the parties' said stipulation, attached hereto, and awards compensation in the amount and on the terms set forth therein. Pursuant to the stipulation, the court awards a lump sum of **$200,000.00**, representing compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a) (2012). **No payment shall be made until** petitioners provide respondent with documentation establishing that they have been appointed as the guardians/conservators of E.J.Q.'s estate.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated:  April 18, 2018                                                                    /s/ Laura D. Millman
                                                                                                        Laura D. Millman
                                                                                                        Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JOSEPH AND ANGELA QUANCE AS PARENTS OF E.J.Q., <br><br> Petitioners, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent | No. 14-271V (ECF) <br> Special Master <br> LAURA D. MILMAN |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Joseph and Angela Quance, petitioners, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program") on behalf of their minor daughter, E.J.Q. The petition seeks compensation for injuries allegedly related to E.J.Q.'s receipt of Measles-Mumps-Rubella ("MMR"), Varicella, Pneumococcal conjugate ("PCV 13"), and Hepatitis A ("Hep A") vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. E.J.Q. received MMR, Varicella, PCV 13, and Hep A immunizations on or about March 21, 2012.

3. The vaccinations were administered within the United States.

4. Petitioners allege that E.J.Q. suffered acute disseminated encephalomyelitis ("ADEM") as a result of receiving the MMR, Varicella, PCV 13, and Hep A vaccines.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on E.J.Q.'s behalf as a result of her condition.

6. Respondent denies that the MMR, Varicella, PCV 13, and Hep A immunizations caused E.J.Q. to suffer from ADEM or any other injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $200,000.00, in the form of a check payable to petitioners as legal guardians/conservators of the estate of E.J.Q. for the benefit of E.J.Q., representing compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a). No payment shall be made until petitioners provide respondent with documentation establishing that they have been appointed as the guardians/conservators of E.J.Q.'s estate.

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioners and their attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8, and any amounts awarded pursuant to paragraph 9 of this Stipulation, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for E.J.Q.'s benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

13. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardian(s)/conservator(s) of E.J.Q.'s estate under the laws of the State of Wisconsin. No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as guardian(s)/conservator(s) of E.J.Q.'s estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of E.J.Q. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of E.J.Q. upon submission of written documentation of such appointment to the Secretary.

14. In return for the payments described in paragraphs 8 and 9, petitioners, in their individual capacities and as legal representatives of E.J.Q., on behalf of themselves, E.J.Q., and her heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that

3

have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of E.J.Q. resulting from, or alleged to have resulted from, the MMR, Varicella, PCV 13, and Hep A immunizations administered on or about March 21, 2012, as alleged by petitioners in a petition for vaccine compensation filed on or about April 8, 2014, and as amended on May 12, 2014, in the United States Court of Federal Claims as petition No. 14-271V.

15. If E.J.Q. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the MMR, Varicella, PCV 13, and Hep A vaccinations caused E.J.Q. to suffer from ADEM or any other injury or any of her current disabilities.

19. All rights and obligations of petitioners hereunder shall apply equally to petitioners heirs, executors, administrators, successors, and/or assigns as legal representatives of E.J.Q.

**END OF STIPULATION**

Respectfully submitted,

PETITIONERS:

*/s/ Joseph Quance*
JOSEPH QUANCE

*/s/ Angela Quance*
ANGELA QUANCE

ATTORNEY OF RECORD FOR PETITIONERS:

*/s/ Andrew M. Krueger*
ANDREW M. KRUEGER, ESQ.
8215 GREENWAY BLVD., STE 590
Middleton, WI 53562
Tel: (608) 824-9540

AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:

*/s/ Catharine E. Reeves*
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

*/s/ Narayan Nair*
NARAYAN NAIR, M.D.
Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
Health Resources and Services Administration
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR RESPONDENT:

*/s/ Glenn A. MacLeod*
GLENN A. MACLEOD
Senior Trial Counsel
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4122

Dated: 4/17/18