# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 14-271V
Filed: December 13, 2018
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| JOSEPH QUANCE and ANGELA QUANCE, as Parents of E.J.Q., * * * | |
| Petitioners, * * | |
| v. * * * | Reasonable attorneys' fees and costs; Block billing; Acute Disseminated Encephalomyelitis ("ADEM"). |
| SECRETARY OF HEALTH AND HUMAN SERVICES, * * * | |
| Respondent. * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Andrew M. Krueger, Middleton, WI, for petitioners.
Glenn A. MacLeod, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On April 8, 2014, Joseph and Angela Quance ("petitioners") filed a petition on behalf of their minor child, E.J.Q., under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012). The petition alleged that E.J.Q. suffered from acute disseminated encephalomyelitis ("ADEM") that was caused by her receipt of Measles-Mumps-Rubella ("MMR"), Varicella, Pneumococcal conjugate ("PCV 13"), and Hepatitis A vaccines on or about March 21, 2012. Pet. at 1.

On April 18, 2018, the parties filed a stipulation in which they agreed to settle this case and described the settlement terms. Respondent denies that the MMR, Varicella, PCV 13, and

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

Hepatitis A vaccines caused E.J.Q. to suffer from ADEM or any other injury.  Nonetheless, the parties agreed to resolve this matter informally.  On the same day, the undersigned issued a decision awarding compensation in the amount and on the terms set forth in the stipulation.  Judgment entered on April 24, 2018.

On October 10, 2018, petitioners filed a motion for attorneys' fees and costs ("Fees App."), requesting attorneys' fees of $51,013.50 and attorneys' costs of $11,764.79, for a total request of $62,778.29.  Fees App. at 4.  Pursuant to General Order No. 9, petitioners have indicated that they have not personally incurred any costs in pursuit of this litigation.  ECF No. 82.  Respondent responded to the motion on October 29, 2018, indicating that he was "satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case" and asking the undersigned to "exercise her discretion and determine a reasonable award for attorneys' fees and costs."  Response at 2-3.  Petitioners filed their reply on October 31, 2018, reiterating their belief that the requested amount of fees and costs is reasonable.  Reply at 1.  The matter is now ripe for disposition.

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs."  42 U.S.C. § 300aa-15(e)(1).  The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs.  Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

Special masters have previously reduced the fees paid to petitioners due to excessive and duplicative billing.  See Ericzon v. Sec'y of HHS, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); Raymo v. Sec'y of HHS, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), mot. for rev. denied, 129 Fed. Cl. 691 (Fed. Cl. 2016).  Additionally, it is firmly established that billing for clerical and other secretarial work is not permitted in the Vaccine Program.  Rochester v. United States, 18 Cl.Ct. 379, 387 (Cl. Ct. 1989) (denied an award of fees for time billed by a secretary and found that "[these] services ... should be considered as normal overhead office costs included within the attorneys' fees rates"); Mostovoy v. Sec'y of HHS, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016).

Based on her experience and review of the billing records submitted by petitioners, the undersigned finds petitioners' requested fees rates to be acceptable and in conformance to what other special masters have awarded Krueger & Hernandez, SC attorneys.  See Herrera v. Sec'y of HHS, No. 15-651V, 2017 WL 1459002, at *3 (Fed. Cl. Spec. Mstr. Mar. 29, 2017).  Concerning requested rates for work performed in 2018, the undersigned finds the requested amounts of $200.00 per hour for attorney Andrew Krueger and $140.00 per hour for paralegal Renee Nehring to be reasonable because they are consistent with what those individuals have been awarded for their work in 2017.

For attorneys Stephanie Schmidt and Jesse Leichsenring, this appears to be the first time that a special master has had the opportunity to consider their requested rates. Petitioners request that both attorneys be compensated for their work in 2018 at $200.00 per hour. Fees App. at 20-21.  Petitioners have not submitted any information about the legal backgrounds of Ms. Schmidt and Mr. Leichsenring.  Nevertheless, because Krueger & Hernandez, SC attorneys have previously been found to be entitled to in-forum rates, the undersigned finds that $200.00 per hour is a reasonable rate of compensation for them. Indeed, this rate is identical to what was previously awarded to Mr. Andrew Krueger when he had only two years of legal experience. Overall, the requested rates require no adjustment.

Turning to the hours billed, the undersigned finds that some reductions are necessary. First, Ms. Nehring billed 2.0 hours on "Long distance telephone call to Rib Mountain EMS regarding contact information for records." Fees App. at 6.  This is an unusually long time for a phone call and is inconsistent with other entries billing for phone calls to hospitals requesting information.  See id. (telephone calls to hospitals billed at 0.2 hours, 0.3 hours for two calls, and 0.7 hours for three calls).  The undersigned will thus credit Ms. Nehring with 0.3 hours for this task, resulting in a reduction of fees in the amount of **$212.50**.[2]

Ms. Nehring also billed 2.0 hours for both "Prepare medical literature exhibits for filing and e-mails with Dr. Steinman regarding same" and "Draft and E-file Notice of Filing; scan all medical literature." Fees App. at 14. Scanning documents and preparing documents for filing has consistently been held to be an administrative task which is not compensable in the Vaccine Program.  Dempsey v. Sec'y of HHS, No. 04-394V, 2017 WL 6343870, at *6 (Fed. Cl. Spec. Mstr. Nov. 16, 2017).  While these two billed tasks have elements that are compensable (e-mailing Dr. Steinman and drafting the notice of filing), the block billing done here makes it impossible for the undersigned to determine how long each individual task took.  Accordingly, the undersigned will credit Ms. Nehring with 0.25 hours each for these two tasks, resulting in a reduction of **$490.00**.[3]

Finally, the undersigned notes that attorney Andrew Krueger has also block-billed several billing entries.  For example, one entry on 12/11/2014 billed for 2.8 hours reads "Review damages; e-mails to and from client regarding out-of-pocket expenses both past and future, medical expenses and travel expenses for demand; create spreadsheet regarding same; research lost wages for minor and for parents; revise current demand sections regarding treatment history and current injuries."  Fees App. at 10.  Another entry, billed for 5.9 hours on 5/4/2015, reads "Computer legal research on similar cases in the vaccine court where Petitioner received same vaccinations and injuries; review medical records for correct diagnosis; finalize damages amounts; finish demand letter; review and revise several times."  Id. at 11.  As noted

---

[2] Reduction of 1.7 hours x $125.00 per hour = $212.50.

[3] Reduction of 3.5 hours x $140.00 per hour = $490.00

3

previously, many of Ms. Nehring's billing entries also contain examples of block billing.[4]

Block billing, or billing large amounts of time without sufficient detail as to what tasks were performed, is clearly disfavored. Broekelschen v. Sec'y of HHS., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011) (reducing petitioner's attorneys' fees and criticizing her for block billing); see also Jeffries v. Sec'y of HHS, 2006 U.S. Claims LEXIS 411, at *8 (Fed Cl. Spec. Mstr. Dec. 15, 2006); Plott v. Sec'y of HHS, 1997 U.S. Claims LEXIS 313, at *5 (Fed. Cl. Spec. Mstr. April 23, 1997). Indeed, the Vaccine Program's Guidelines for Practice state, "Each task should have its own line entry indicating the amount of time spent on that task. Lumping together several unrelated tasks in the same time entry frustrates the court's ability to assess the reasonableness of the request."[5]

Entries such as the ones noted do not permit the undersigned to assess the reasonableness of the time spent on each task. Accordingly, the undersigned finds it reasonable to reduce the total award of fees by five percent. This results in a reduction of fees of **$2,515.55**.[6]

Turning next to costs, the undersigned finds that the requested costs are all reasonable. By far the largest cost incurred is compensation for petitioners' expert, Dr. Lawrence Steinman ($9,250.00). Fees App. at 25. Dr. Steinman billed a total of 18.5 hours to review the medical records, research literature, and prepare an expert report. Id. at 41. The undersigned finds the hours spent on this matter to be reasonable, and Dr. Steinman has consistently been awarded $500.00 per hour for his work in the Vaccine Program. Petitioners shall therefore be reimbursed in full for the work of Dr. Steinman. The rest of the costs are routine expenses in Vaccine Program litigation, such as medical records, postage, and the Court's filing fee. Petitioners have provided adequate documentation for all these expenses and they shall be reimbursed in full as well.

Accordingly, the undersigned **GRANTS** petitioners' application for attorneys' fees and costs. The court awards **$59,560.24** (representing attorneys' fees in the amount of $47,795.45 and costs of $11,764.79) in the form of a check made payable jointly to petitioners and Krueger & Hernandez, SC.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of

---

[4] The entries cited to above are merely examples and are not an exhaustive list of all instances of block billing.

[5] The Guidelines are available at https://www.uscfc.uscourts.gov/sites/default/files/18.11.05%20Vaccine%20Guidelines.pdf.

[6] $51,013.50 in fees requested – ($212.50 + $490.00 in reductions for improperly billed entries) x 0.05 - $2,515.55.

the court is directed to enter judgment herewith.[7]

**IT IS SO ORDERED.**

Dated: December 13, 2018                                        /s/ Laura D. Millman
                                                                                       Laura D. Millman
                                                                                          Special Master

---

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.